1

2

3

4

5                      UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF WASHINGTON
6

7   MICHAEL JOHNSON,                )
                                    )   No. CV-09-3075-CI
8            Plaintiff,             )
                                    )   ORDER GRANTING PLAINTIFF'S
9   v.                              )   MOTION FOR SUMMARY JUDGMENT
                                    )   AND REMANDING FOR ADDITIONAL
10  MICHAEL J. ASTRUE, Commissioner )   PROCEEDINGS PURSUANT TO 42
    of Social Security,             )   U.S.C. § 405(g)
11                                  )
             Defendant.             )
12  _____ )

13       BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct.

14  Rec. 19, 25.)  Attorney D. James Tree represents Michael Johnson

15  (Plaintiff); Special Assistant United States Attorney Richard A.

16  Morris represents the Commissioner of Social Security (Defendant).

17  The parties have consented to proceed before a magistrate judge.

18  (Ct. Rec. 7.)  After reviewing the administrative record and briefs

19  filed by the parties, the court **GRANTS** Plaintiff's Motion for

20  Summary Judgment, and remands the matter to the Commissioner for

21  additional proceedings.

22                              **JURISDICTION**

23       Plaintiff protectively filed for disability insurance benefits

24  (DIB) on May 18, 2004, and Supplemental Security Income (SSI) on

25  March 24, 2004.  (Tr. 17.)  He alleged disability due to coronary

26  heart disease with an onset date of August 16, 2001.  (Tr. 104.)

27  Benefits were denied initially and on reconsideration.  Plaintiff

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 1

1  timely requested a hearing before an administrative law judge (ALJ),

2  which was held before ALJ Richard Say on October December 12, 2007.

3  (Tr. 17, 519-42.)  Plaintiff, who was represented by counsel, and

4  vocational expert William Wright (VE) testified.   The ALJ denied

5  benefits on January 8, 2008, and the Appeals Council denied review.

6  (Tr. 7-9, 14-28.)  The instant matter is before this court pursuant

7  to 42 U.S.C. § 405(g).

8                        **STANDARD OF REVIEW**

9      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

10  court set out the standard of review:

11          A district court's order upholding the Commissioner's
           denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
12          211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
           Commissioner may be reversed only if it is not supported
13          by substantial evidence or if it is based on legal error.
           *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
14          Substantial evidence is defined as being more than a mere
           scintilla, but less than a preponderance.  *Id.* at 1098.
15          Put another way, substantial evidence is such relevant
           evidence as a reasonable mind might accept as adequate to
16          support a conclusion.  *Richardson v. Perales*, 402 U.S.
           389, 401 (1971).  If the evidence is susceptible to more
17          than one rational interpretation, the court may not
           substitute its judgment for that of the Commissioner.
18          *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
           Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

19

20          The ALJ is responsible for determining credibility,
           resolving conflicts in medical testimony, and resolving
           ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
21          Cir. 1995).  The ALJ's determinations of law are reviewed
           *de novo*, although deference is owed to a reasonable
22          construction of the applicable statutes.  *McNatt v. Apfel*,
           201 F.3d 1084, 1087 (9th Cir. 2000).

23

24      It is the role of the trier of fact, not this court, to resolve

25  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

26  supports more than one rational interpretation, the court may not

27  substitute its judgment for that of the Commissioner. *Tackett*, 180

28
   ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
   AND REMANDING FOR ADDITIONAL PROCEEDINGS
   PURSUANT TO 42 U.S.C. § 405(g) - 2

1  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

2  Nevertheless, a decision supported by substantial evidence will

3  still be set aside if the proper legal standards were not applied in

4  weighing the evidence and making the decision. *Brawner v. Secretary*

5  *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If

6  there is substantial evidence to support the administrative

7  findings, or if there is conflicting evidence that will support a

8  finding of either disability or non-disability, the finding of the

9  Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

10  1230 (9th Cir. 1987).

11                          **SEQUENTIAL EVALUATION**

12       Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

13  requirements necessary to establish disability:

14       Under the Social Security Act, individuals who are
         "under a disability" are eligible to receive benefits.  42
15       U.S.C. § 423(a)(1)(D).  A "disability" is defined as "any
         medically determinable physical or mental impairment"
16       which prevents one from engaging "in any substantial
         gainful activity" and is expected to result in death or
17       last "for a continuous period of not less than 12 months."
         42 U.S.C. § 423(d)(1)(A).  Such an impairment must result
18       from "anatomical, physiological, or psychological
         abnormalities which are demonstrable by medically
19       acceptable clinical and laboratory diagnostic techniques."
         42 U.S.C. § 423(d)(3).  The Act also provides that a
20       claimant will be eligible for benefits only if his
         impairments "are of such severity that he is not only
21       unable to do his previous work but cannot, considering his
         age, education and work experience, engage in any other
22       kind of substantial gainful work which exists in the
         national economy. . . ."  42 U.S.C. § 423(d)(2)(A).  Thus,
23       the definition of disability consists of both medical and
         vocational components.

24
         In evaluating whether a claimant suffers from a
25       disability, an ALJ must apply a five-step sequential
         inquiry addressing both components of the definition,
26       until a question is answered affirmatively or negatively
         in such a way that an ultimate determination can be made.
27       20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).   "The

28
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 3

claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a), 416.920(a).  At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  During the alleged closed period of disability, Plaintiff was between 49 and 53 years old, unmarried, and living with his ex-spouse and their children. (Tr. 527, 536.)  Plaintiff attended high school through the 12th grade, obtained a high school equivalency degree, and attended truck driving school.  (Tr. 110.)  He served in the military and has a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 4

1  significant past work history as a long-haul truck driver.  (Tr.
2  114, 317, 365.)

3      At the December 2007 hearing, Plaintiff testified that during
4  the alleged closed period he was unable to lift more than a gallon
5  of milk, could sit 30 minutes before he had to move around, could
6  stand 10 to 15 minutes before his legs would start shaking, and
7  could not walk more than a block or two during that period.  (Tr.
8  529-30.) He reported he had three heart attacks in the summer of
9  2001, and stated at the hearing he still experienced chest pains,
10  which he was trying to control without medication.  (Tr. 524-25.)
11  He also reported problems with migraine headaches and weakness
12  during the period at issue.  (Tr. 527.)  Plaintiff resumed work as
13  a truck driver in May 2005.  (Tr. 523.)

14                        **ADMINISTRATIVE DECISION**

15      ALJ Say first determined Plaintiff met the insured status
16  requirements through December 31, 2006.  (Tr. 19.)  At step one, he
17  found Plaintiff had not engaged in substantial gainful activity
18  between August 16, 2001, and May 1, 2005.  (*Id.*)  At step two, he
19  found Plaintiff had severe impairments of "coronary atherosclerosis,
20  depression, coronary artery disease and subjective complaints of
21  weakness and numbness in extremities."  (*Id.*)  The ALJ also found
22  Plaintiff's hypertension, Hepatitis C, and migraine headaches were
23  non-severe impairments as defined by the Commissioner.  (Tr. 20.)
24  At step three, he found Plaintiff's impairments, alone and in
25  combination, did not meet or medically equal one of the listed
26  impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4
27  (Listings).  (*Id.*)  The ALJ summarized Plaintiff's testimony and
28

concluded his statements regarding the intensity and persistence of his functional limitations were not entirely credible. (Tr. 22-23.)

At step four, ALJ Say determined Plaintiff had the residual functional capacity (RFC) to perform light work between August 16, 2001, and May 1, 2005. (Tr. 21.) Specifically, he found Plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently; could sit for two hours, stand or walk for six hours in an eight hour workday, occasionally stoop, crouch, crawl, balance, or climb stairs and ramps, but should never climb ladders, ropes or scaffolds. He should avoid concentrated exposure to hazards. Regarding mental limitations, the ALJ found Plaintiff could understand, remember, and carry out simple, routine tasks. He suffered mild to moderate chronic pain, but was able to be attentive and responsive at work and carry out normal work assignments. The ALJ noted medication was taken for symptoms, but the side effects did not prevent Plaintiff from functioning adequately in the work setting. (Tr. 21.) Based on this RFC and VE testimony, the ALJ determined Plaintiff could not perform his past work as a truck driver during the closed period. (Tr. 26.)

Proceeding to step five, and considering additional VE testimony, the ALJ found there were jobs in the national economy Plaintiff could have performed, such as truck dispatcher, small parts assembler and telephone solicitor. He concluded Plaintiff was not disabled during the closed period and, therefore, was ineligible for Social Security benefits. (Tr. 26-27.)

**ISSUES**

The question is whether the ALJ's decision is supported by

substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when he: (1) improperly rejected the opinions of treating and examining medical sources; (2) failed to give legally sufficient reasons for discounting his testimony and the testimony of his ex-spouse and daughter; and (3) failed to meet the Commissioner's burden at step five. (Ct. Rec. 20.)

**DISCUSSION**

**A.   Credibility**

When the ALJ finds a claimant's statements as to the severity of impairments, pain, and functional limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations.  *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  It is well-settled, however, that an ALJ cannot be required to believe every allegation of disabling pain, even when medical evidence exists that a claimant's condition may produce pain.  "Many medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider.  *Social Security Ruling (SSR)* 96-7p.[1]

---

[1] Social Security Rulings are issued to clarify the Regulations and policy.  They are not published in the federal register and do not have the force of law.  However, under the case law, deference

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 7

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's symptom testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. *Id.*

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.

---

is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991).

The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  As explained by the Commissioner in his policy ruling, the ALJ need not totally reject a claimant's statements; he or she may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole.  *SSR* 96-7p. The ALJ may find a claimant's abilities are affected by the symptoms alleged, but "find only partially credible the individual's statements as to the extent of the functional limitations." *Id*.

Although credibility determinations are the province of the ALJ, and "the court may not engage in second-guessing," *Thomas*, 278 F.3d at 959, the court has imposed on the Commissioner a requirement of specificity.  *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003); *Dodrill v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993).  Even if the record includes evidence to support a credibility determination, the reasons must be articulated with specificity by the ALJ in his decision.  The court cannot infer lack of credibility or affirm credibility findings "based on evidence the ALJ did not discuss." *Connett*, 340 F.3d at 874.  Further, the reviewing court cannot make independent findings to support the ALJ's decision.  *Id*.

Here, there is no affirmative evidence of malingering.  In his credibility findings, the ALJ found Plaintiff's medically determinable impairments could be expected to produce symptoms alleged by Plaintiff.  (Tr. 23.)  He specifically noted Plaintiff's allegations of three heart attacks in 2001, weakness, numbness in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 9

his legs and arms, and prior treatment for depression (for which he was no longer taking medication). (*Id.*)  He also referenced Plaintiff's activities of daily living, his alleged problems with balance and limited exertional abilities. (*Id.*)  In explaining his reasons for finding Plaintiff's statements not entirely credible, ALJ Say found no medical evidence to support the claim of heart attacks (but noted the pain was "likely gastric, and not related to his heart"), and the test results showing mild to moderate coronary artery disease were "not enough to explain the claimant's complaints of chest pains." (*Id.*)  The ALJ also reasoned that Plaintiff's reports of weakness and numbness during the closed period were not supported by the evidence of "only mild degenerative disk disease of the lumbar spine." (Tr. 23.)

As the Ninth Circuit has consistently ruled, where a medically determinable impairment exists that could cause alleged symptoms, a lack of medical evidence to substantiate the severity alleged is not a sufficient reason to reject credibility.  Other "clear and convincing" reasons, and supporting evidence, must be identified. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (claimant's symptom testimony cannot be discredited merely because severity alleged is unsupported by medical evidence); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen*, 80 F.3d at 1280; *Bunnell*, 947 F.2d at 345-46; *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986).

Other reasons given by the ALJ do not cure this error.  For example, the ALJ's reference to an August 2007 medical examination by Feyi Ward, M.D., in which the physician observed "normal

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 10

strengths and gait," "no need of an assistive device" and "no problem moving from sitting to standing," is not substantial evidence to support the ALJ's reasoning in this case. (Tr. 415-21.) Allegations discredited by the ALJ were those made by Plaintiff at the hearing when he was describing symptoms he experienced between 2001 to 2005. (Tr. 527- 529.) Because Dr. Ward recorded her observations in August of 2007, well after the alleged closed period of disability, her report is not probative to the ALJ's credibility determination.

The ALJ also found "claimant's allegedly disabling impairments are still present at approximately the same level of severity as they were prior to May 1, 2005 [when he returned to work as a truck driver]." (Tr. 24.) ALJ Say then reasoned that this conclusory finding "strongly suggests" Plaintiff's impairments would not have prevented him from working during the closed period. (Tr. 24.) However, the ALJ fails to support his reasoning with reference to specific evidence in the record. Without further explanation based on specific substantial evidence, this reasoning is not sufficiently "clear and convincing" to assure that Plaintiff's statements were not arbitrarily discredited. Finally, the ALJ's reasoning that Plaintiff's report of daily activities "cannot be objectively verified with any reasonable degree of certainty" (Tr. 24), imposes a requirement on claimants that does not exist in the Commissioner's regulations or Ninth Circuit case law.

The ALJ's credibility findings are not supported by the "clear and convincing" reasons required by the court. *See Richardson,* 402 U.S. at 400; *Thomas,* 278 F.3d at 958-59; *Bunnell*, 947 F.2d at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 11

345-46; *Fair*, 885 F.2d at 604.  This is reversible error.  *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007).  The ALJ's decision must not only state what evidence he relies on in rejecting subjective symptom testimony; he also must explain why it leads a reasonable mind to reject the claimant's testimony.  *Cooper v. Sullivan*, 880 F.2d 1152 (9th Cir. 1989).  Although the record includes evidence that might be a basis for a rejection of Plaintiff's pain and symptom allegations, without the assertion of specific "clear and convincing" reasons by the fact-finder, the court cannot affirm the Commissioner' credibility determination.  Where evidence exists in the record that may be a basis for a credibility finding, but the findings are not articulated by the ALJ, remand for additional proceedings is the proper disposition.  *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).

**B.   Lay Witness Evidence**

The ALJ gave little weight to statements submitted by Plaintiff's daughter and ex-spouse. (Tr. 25.)  Their statements are considered "other source" opinions by the Regulations.  20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4).  Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and must be considered by the ALJ.  If lay testimony is rejected, the ALJ "'must give reasons that are germane to each witness.'"  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (*citing Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993)).

In a 2006 policy ruling, the Commissioner identified certain factors that should be considered by the adjudicator in evaluating opinions of non-medical other sources such as friends and relatives:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 12

"the nature and extent of the relationship; whether the evidence is consistent with other evidence; and other factors that tend to support or refute the opinion." *SSR* 06-03p. Here, the ALJ first reasoned the lay witnesses "cannot be considered disinterested" by virtue of their relationship with Plaintiff. (Tr. 25.) While standing alone this reason would be unhelpful, this is an appropriate factor to consider provided there are other factors to review. *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). However, the ALJ's other reason, *i.e.*, that the testimony was "not consistent with the preponderance of objective evidence," is neither germane nor specific. *Id.* The ALJ may not discredit lay testimony regarding the severity of an impairment or how it affects the ability to work because it is not corroborated by medical evidence in the record. *Bruce*, 557 F.3d at 1116. On remand, the ALJ will re-evaluate the lay witness testimony as directed by *SSR* 06-03p and fully explain his conclusions.

**C.   Medical Source Opinions**

In disability proceedings, the ALJ evaluates medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record. The Regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. §§ 404.1527, 416.927. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more

weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.

The ALJ must consider all medical evidence and must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician." *Lester*, 81 F.3d at 830. If the medical opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d at 1043. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(*quoting Cotton*, 799 F.2d at 1408).

On remand, the ALJ will re-evaluate the medical evidence, taking into consideration the new credibility findings. Regarding treating physicians A.B. Preacher, M.D., and Vivek Shah, M.D., from the Providence Yakima Medical Center, the ALJ will discuss thoroughly evidence submitted by these acceptable medical sources and explain fully the weight given their clinic notes, observations, test results and medical source statements. *SSR* 96-5p, 96-2p; (*see e.g.*, Tr. 281-304, 383-405.) Weight given other acceptable medical sources in the record will also be fully explained. If treating or examining medical source opinions are rejected, the ALJ will give specific, legally sufficiently reasons for doing so.

**CONCLUSION**

The ALJ decision is based on legal error. Remand is necessary for new credibility findings, re-consideration of lay testimony, and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 14

1 re-evaluation of medical evidence relevant to the closed period
2 alleged.   Full consideration of the evidence may require a new
3 hearing with additional testimony from a vocational expert and/or
4 the Plaintiff and new step five findings.   Accordingly,

5     **IT IS ORDERED:**

6     1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 19)** is
7 **GRANTED**;

8     2.   The case is **REVERSED AND REMANDED** to the Commissioner for
9 additional proceedings pursuant to sentence four of 42 U.S.C.
10 § 405(g) and consistent with this Order;

11     3.   Defendant's Motion for Summary Judgment **(Ct. Rec. 25)** is
12 **DENIED.**

13     4.   Application for attorney fees may be made by separate
14 motion.

15     The District Court Executive is directed to file this Order and
16 provide a copy to counsel for Plaintiff and Defendant. Judgment
17 shall be entered for **Plaintiff**, and the file shall be **CLOSED**.

18     DATED October 27, 2010.

19

20           _____S/ CYNTHIA IMBROGNO_____
              UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405(g) - 15